**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STACK STACKHOUSE a/k/a WILLIAMS, | Civil Action No. 07-5502 (GEB) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| CITY OF EAST ORANGE, et al., | RECEIVED |
| Defendants. | JAN 18 2011 |
| | AT 8:30_____M |
| | WILLIAM T. WALSH |
| | CLERK |

This matter comes before the Court upon Plaintiff's application for dismissal of this action as premature and, hence, without prejudice, see Docket Entry No. 43, and Defendants' motion to dismiss the currently outstanding Plaintiff's claims with prejudice, for failure to state a claim upon which relief can be granted. See Docket Entries Nos. 45, 46 and 47.

For the reasons detailed below both Plaintiff and Defendants' motions will be denied.

I.   BACKGROUND

This matter was initiated upon filing of Plaintiff's complaint raising a broad panoply of challenges. See Docket Entry No. 1. Judge Joseph A. Greenaway, Jr. ("Judge Greenaway"), then presiding over this matter, dismissed: (a) Plaintiff's malicious prosecution claim without prejudice, as premature; (b) proceeded past the sua sponte dismissal stage Plaintiff's false

arrest claim; and (c) dismissed, with prejudice, the remainder of Plaintiff's challenges for failure to state a claim upon which relief can be granted.[1]  <u>See</u> Docket Entries Nos. 2 and 3.

Plaintiff's false arrest claim is based on his allegations that he was merely walking to a store when police officers approached him, asked him, "Where is the gun?" and then arrested him and entered (and searched) his premises: all without probable cause.  <u>See</u> Docket Entry No. 1; Docket Entry No. 3, at 25.

Defendants eventually filed their answers to Plaintiff's false arrest claim.  <u>See</u> Docket Entries Nos. 27, 28, 31 and 42. Two Plaintiff's motion preceded and two Plaintiff's motions following Defendants' filing of answers.  <u>See</u> Docket Entries Nos. 13 (motion for default judgment); Docket Entry No. 15 (another motion for default judgment, this time addressed to the Clerk); Docket Entry No. 33 (motion seeking stay of this matter on the grounds that Plaintiff is, allegedly, pursuing state-court appeal of his conviction); and Docket Entry No. 43 (the instant motion). Plaintiff's motions for default judgment were denied, same as his application seeking stay.  The latter was denied by Magistrate Judge Mark Falk ("Judge Falk"), such denial was without prejudice: on the grounds of Plaintiff's failure to articulate a sufficient basis for stay.  <u>See</u> Docket Entry No. 38 (entered July

---

[1] Included in this list of dismissed with prejudice claims was Plaintiff's equal protection claim asserting that Plaintiff was asked "where is the gun?" and arrested (and his premises were entered and searched) simply because he is African-American.

22, 2010). Six weeks after Judge Falk's denial of Plaintiff's motion seeking stay – that is, on August 30, 2010 – Plaintiff, instead of curing the deficiencies of that motion, filed the motion at bar: seeking dismissal of his false arrest challenges without prejudice (relying, again, on his currently ongoing appeal of his conviction). See Docket Entry No. 43.

Three weeks later, Defendants filed their motion at bar, seeking dismissal, with prejudice, of Plaintiff's false arrest claim. See Docket Entry No. 45 (original motion); Docket Entries Nos. 46 and 47 (applications joining in the motion).

II. PARTIES' POSITIONS

    A. PLAINTIFF'S POSITION

Plaintiff's motion presents: (a) a list of procedural or administrative developments (in this litigation), which Plaintiff construes as undue hurdles complicating his legal endeavor; and (b) an extensive regurgitation of various legal standards. See generally, Docket Entry No. 43. Lost at the end of his motion, is Plaintiff's statement presenting, seemingly, the gist of his position and reading as follows:

> The claims asserted in this action here, that all defendants conspired to deprived plaintiff of his constitutional rights by unlawfully arresting him on the basis of his race is the type of claim that would necessarily demonstrate the invalidity of his conviction. Accordingly, these claims have not yet accrued and must be dismissed without prejudice.

Id. at 3-4 (relying, seemingly, on Wallace v. Kato, 549 U.S. 384 (2007), and Heck v. Humphrey, 512 U.S. 477 (1994)).

B. DEFENDANTS' POSITION

Defendants, in turn, assert that, since Plaintiff was criminally convicted at trial level, and he "was convicted on the charges associated with the very police action he challenges," Docket Entry No. 45-2, at 4, Plaintiff's false arrest claims must be dismissed, with prejudice, for failure to state a claim. See id. at 6 (also relying on Heck v. Humphrey).

III. DISCUSSION

A. PLAINTIFF'S MOTION

Plaintiff's sole gist-conveying sentence: (a) tries to revive Plaintiff's equal protection claim conclusively dismissed by Judge Greenaway; and (b) simultaneously asserts that Plaintiff is interested in pursuing his wrongful arrest claim, but that this claim has not accrued yet and, thus, this lack of accrual necessitates dismissal without prejudice. Both of these aspects are without merit. As Defendants properly point out, the equal protection aspect has been conclusively adjudicated by Judge Greenaway. That adjudication presents the law of the case, and - in the event Plaintiff disagrees with the propriety of Judge Greenaway's determination - his remedy is appeal, that is, at the time when this action, as a whole, ripens for appeal.

The second aspect of Plaintiff's position requires a more detailed discussion, since - regardless of Plaintiff's extensive regurgitations of law and Defendants' strings of quoted language

and citations – both sides appear confused about the concept of prematurity.

    1.    <u>Pertinent Legal Regime</u>

        a.    *Preiser*

In a series of cases beginning with <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. In <u>Preiser</u>, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release. <u>See</u> <u>id.</u> at 476. The prisoners did not seek compensatory damages for the loss of their credits. <u>See</u> <u>id.</u> at 494. The Court, however, held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of <u>habeas corpus</u>." <u>Id.</u> at 500.

        b.    *Heck*

In <u>Heck v. Humphrey</u>, 512 U.S. 477, the Supreme Court addressed a corollary question to that presented in <u>Preiser</u>, <u>i.e.</u>, whether a prisoner could implicitly challenge the

constitutionality of his conviction in a § 1983 suit seeking only damages (a form of relief not available through a habeas corpus proceeding). Again, the Court rejected § 1983 as a vehicle to implicitly challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87 (footnote omitted).

In light of a prisoner's inability to initiate a valid § 1983 action for wrongful conviction until and unless such conviction is overturned, Heck coined the concept of prematurity, pursuant to which "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."[2] Id. at 489-90.

In other words, in the event a prisoner challenges his conviction under § 1983, but does it prior to invalidation of

---

[2] Heck's deferred accrual with regard to challenges to a prisoner's conviction is analogous, in its rationale, to the deferred accrual with regard to the prisoner's prosecution (where one of the elements of the tort of malicious prosecution automatically results is such deferred accrual).

that conviction, Heck bars the prisoner's claims as *premature*. Such prematurity does not imply substantive invalidity of the prisoner's claims in the future: this is so simply because a federal court cannot foresee whether the prisoner's conviction would be overturned, months or years, or even decades in the future, if ever.

The concept of prematurity is, however, narrow. It is for that reason the Supreme Court instructed district courts, in determining whether a complaint states a claim under § 1983, to: (a) evaluate whether a favorable outcome in the § 1983 action would *necessarily* imply the invalidity of the prisoner's criminal judgment; and (b) defer accrual only if such finding is made.[3]

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was

---

[3] Consequently, when a state prisoner seeks damages for his conviction in a § 1983 suit, if the district court determines that a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction and/or sentence, the complaint must be dismissed, as premature, i.e., without prejudice, unless the plaintiff can demonstrate that his conviction/sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, that is, in the absence of some other (unrelated to prematurity) bar to the suit. See Heck, 512 U.S. at 487.

> unlawful, but that it caused him actual, compensable injury, which, we hold today, does not encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

Heck, 512 U.S. at 487 n.7.

### c. *Wallace v. Kato*

In Wallace v. Kato, 549 U.S. 384, the Supreme Court expressly addressed the question when a § 1983 claim for false arrest in violation of the Fourth Amendment accrues. The Court held that such claim (and the accompanying claim for false imprisonment) accrues immediately upon the arrest at issue, and the period of limitations begins to run as soon as the false imprisonment ends, i.e., when the arrestee becomes held pursuant to legal process.[4] "Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process." Wallace, 549 U.S. at 389-90 (citations and footnote omitted).

The Court considered and rejected the argument that a Heck-like deferred-accrual rule must delay the accrual of false arrest claims.

> This would end the matter, were it not for the [prisoner's] contention that Heck v. Humphrey . . . compels the conclusion that his [false arrest] suit could not accrue until the State dropped its charges

---

[4] Hence, the injury of false arrest/false imprisonment can be based solely on the events/restraint that takes place from the moment of arrest and until the moment of arrestee being held pursuant to legal process, e.g., arraignment.

against him. [T]he Heck rule for deferred accrual is called into play only when there exists "a conviction or sentence that has not been ... invalidated," that is to say, an "outstanding criminal judgment." It delays what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn. . . . What [prisoner] seeks, in other words, is the adoption of a principle that goes well beyond Heck; that an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside. The impracticality of such a rule should be obvious. In an action for false arrest it would require the plaintiff (and if he brings suit promptly, the court) to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict, . . . - all this at a time when it can hardly be known what evidence the prosecution has in its possession. And what if the plaintiff (or the court) guesses wrong, and the anticipated future conviction never occurs, because of acquittal or dismissal? Does that event (instead of the Heck-required setting aside of the extant conviction) trigger accrual of the cause of action? Or what if prosecution never occurs - what will the trigger be then? We are not disposed to embrace this bizarre extension of Heck. If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. . . . If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal [without prejudice to filing an action for wrongful conviction if that conviction is eventually overturned]; otherwise, the civil action will proceed, absent some other bar to suit. . . . There is, however, one complication that we must address here. It arises from the fact that § 1983 actions . . . sometimes accrue before the setting aside of - indeed, even before the existence of - the related criminal conviction. That of course is the case here, and it raises the question whether, assuming that the Heck bar takes effect when the later conviction is obtained, the statute of limitations on the once valid cause of action is tolled

> as long as the Heck bar subsists. . . . We have
> generally referred to state law for tolling rules ... .
> [We are not] inclined to adopt a federal tolling rule
> to this effect.

Id. at 391-94 (citations omitted).

Elaborating on the gist of Wallace, the Court of Appeals observed,

> In Wallace, the Court refused to extend Heck[-based
> deferred accrual] to a § 1983 claim for false arrest in
> which there was no outstanding conviction at the time
> of the accrual . . . . See Wallace, 549 U.S. at 393.
> The Court . . . clarified that the Heck [prematurity]
> bar is applicable only when, at the time the § 1983
> suit would normally accrue, there is an existing
> criminal conviction.

Dique v. N.J. State Police, 603 F.3d 181, 187 (3d Cir. 2010).

### 2. Plaintiff's Position Is Self-Contradicting

In light of the foregoing discussion, it is evident that Plaintiff's position is self-contradicting. On one hand, Plaintiff's motion advocates that Plaintiff's claims should be subject to Heck-based deferred accrual because he is currently pursuing his appeal of state conviction. On the other hand, Plaintiff concedes that sole outstanding claim is the very same false arrest challenge, which Judge Greenaway proceeded past the sua sponte dismissal stage.

In light of the latter, Plaintiff's claim - pursuant to Wallace - accrued immediately upon his arrest (and his limitations period begun running as soon as the false imprisonment ended, i.e., when he became held pursuant to legal process, e.g., upon his arraignment). Consequently, Plaintiff's

false arrest claim cannot be subject to deferred accrual and, thus, cannot be dismissed, under Heck, without prejudice (i.e., as premature). Thus, Plaintiff's application – if construed literally (i.e., as seeking dismissal without prejudice on the grounds of prematurity) must be denied.

However, as the Wallace Court pointed out, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Wallace, 549 U.S. at 393-94. For instance, such stay might be warranted if the validity of the evidential matter underlying the prisoner's conviction is so implicated in the § 1983 action that a favorable resolution of the latter would necessarily imply the invalidity of the prisoner's still-being-prosecuted (or still-being-challenged) criminal charges.

Here, Judge Falk dismissed, without prejudice, Plaintiff's prior motion exactly for Plaintiff's failure to sufficiently assert the a valid basis for stay of this matter. Plaintiff's instant application does not cure this deficiency: same as before Judge Falk, Plaintiff simply invites this Court to blindly trust Plaintiff's opinion that certain core underpinnings of his currently-challenged conviction and his instant false-arrest-based action are so intertwined that a favorable-to-Plaintiff decision in this action would necessarily invalidate his

11

conviction.[5] That this Court cannot do. Therefore, the Court construes Plaintiff's instant motion as an invalid attempt to cure the deficiencies of his prior motion (seeking stay) and, same as Judge Falk, denies this motion without prejudice to Plaintiff's filing of a clear and concise application, which – if filed – should: (a) be free from both, recitals of legal standards and lists of irrelevant information: and (b) detail, in exact and unambiguous terms, the matter so central to Plaintiff's *currently ongoing* attack on his conviction that this Court's favorable-to-Plaintiff ruling in this action would necessarily call in question the validity of his conviction.[6]

B.   DEFENDANTS' MOTION

In light of the legal principles detailed supra, Defendants' motion warrants little discussion. As the Court of Appeals

---

[5] The rationale of Plaintiff's strategy driving his instant application for a Heck-based dismissal without prejudice on the grounds of prematurity escapes this Court, since it would be logical for Plaintiff to resist (rather than to seek) Heck-bar: by striving to obtain damages in this action (and a release from confinement on the basis of obtaining a favorable judgment in this matter). In addition, the rationale of Plaintiff's factual position is equally unclear to this Court since: (a) here, Plaintiff alleged that he was approached, for no reason, by police officers who asked him "Where is the gun" and then, also for no reason, arrested Plaintiff and entered his premises, see Docket Entry No. 3; but (b) Plaintiff was convicted, inter alia, of robbery, carjacking, possession of a firearm for unlawful purpose, see <<https://www6.state.nj.us/DOC_Inmate/details?x=1027073&n=0>>, and these charges can hardly be squared with Plaintiff's merely strolling to a store.

[6] The same requirement applies to Defendants in the event Defendants elect to seek stay of this action.

pointed out, the Heck bar is altogether inapplicable to § 1983 matters where accrual of claim took place prior to conviction. See Dique, 603 F.3d at 187. Moreover, the Heck bar cannot result in dismissal with prejudice; it results in a non-prejudicial dismissal on the grounds of prematurity.

Therefore, Defendants' motion will be denied. In the event Defendants wish to obtain a substantive dismissal with prejudice by means of motion practice, they have to present this Court with factual matter verifying presence of probable cause at the time of Plaintiff's arrest. See Sharrar v. Felsing, 128 F.3d 810, 817-18 (3d Cir. 1997) ("a defense to an unlawful arrest claim is that the police officer defendant acted with probable cause").

IV. CONCLUSION

For the foregoing reasons, Plaintiff's and Defendants' motions will be denied.

An appropriate Order accompanies this Opinion.

                                      s/ Garrett E. Brown, Jr.
                                        **Garrett E. Brown, Jr.**
                                                **Chief Judge**
                              **United States District Court**

Dated: January 18, 2011.